FILED
OCT 07 2008
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50012-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MICHAEL TWO ELK, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant was charged with the crime of aggravated sexual abuse in an indictment issued January 24, 2008. On April 16, 2008, defendant entered a plea of guilty to a superseding information charging him with the offense of sexual abuse in violation of 18 U.S.C. §§ 2242(2)(a), 2246(2)(a), and 1153. The plea of guilty was accepted by the Court and a sentencing hearing was scheduled for August 6, 2008. The sentencing hearing was later continued to August 26, 2008. On August 19, 2008, defendant filed a motion to withdraw his plea of guilty. In the alternative, defendant's counsel seeks to withdraw from representation.

Defendant contends that the Court should allow him to withdraw his plea of guilty because he did not understand how the United States Sentencing Guidelines (Guidelines) would be applied due to counsel's ineffective assistance. The presentence investigation report recommends the application of §4B1.5 (Repeat and Dangerous Sex Offender Against Minors) based upon defendant's juvenile adjudication. Defendant alleges that the

application of this section negates any benefit of the bargain and, therefore, he should be allowed to withdraw his plea of guilty.

The Eighth Circuit has held that "[a] district court may permit a defendant to withdraw a guilty plea before sentencing if there is a fair and just reason for the withdrawal." United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006) (citing Fed. R. Crim. P. 11(d)(2)(B)). The Eighth Circuit went on to state that "[e]ven if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" Ramierz-Hernandez, 449 F.3d at 826 (quoting United States v. Nichols, 986 F.2d 1199, 1201 (8th Cir. 1993)).

In the instant case, defendant requests that the Court permit him to withdraw his guilty plea because he did not understand the application of the Guidelines. The Eighth Circuit has held, "[a] defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding." Ramierz-Hernandez, 449 F.3d at 826 (citing United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996)).

At the change of plea hearing on April 16, 2008, the following took place:

**The Court:** As I indicated, the maximum penalty for this offense is life imprisonment and a fine of $250,000, or both. A payment of $100 assessment to the Victim's Assistance Fund is also required, and five

> years of supervised release. Supervised release is a form of release from a federal penitentiary, and that release will be upon certain conditions. If you violate any of those conditions, you can be returned to a federal penitentiary to serve all or part of the supervised release without giving you any credit for the time served. Do you understand, sir?
>
> **Defendant:**   Yes.
>
> . . .
>
> **The Court:**   Do you understand, Mr. Two Elk, that the Court will not be able to determine the advisory guideline range for your case until after the presentence report has been completed, and you and the government have had an opportunity to challenge the reported facts, and the application of the guidelines recommended by the probation officer? That the sentence ultimately imposed may be different from any estimate that your attorney may have given you; do you understand that?
>
> **Defendant:**   Yes.

Transcript of Plea Hearing, p. 9, ln 3-14 & p. 10, ln 7-16. Thus, as required, the Court informed defendant of the maximum sentence he was facing. Additionally, the Court informed defendant that the sentence imposed may be different from any estimation given by defendant's counsel. As a result, under Eighth Circuit precedent, the Court finds that the plea is binding and will not permit defendant to withdraw his plea of guilty. See Ramierz-Hernandez, 449 F.3d at 826.

The Court further notes that a ruling on the applicability of § 4B1.5 to this defendant has not been made. Defendant does not contest that he is innocent of the crimes charged. Rather, defendant argues that the presentence report erroneously applies § 4B1.5. This is a question to be resolved at the sentencing hearing.

Defendant also moves to withdraw his plea based upon his belief that the government will not recommend the guideline range agreed to in the plea agreement. Defendant is thus anticipating that the government will breach the plea agreement. When interpreting a plea agreement, the Court is to apply general contract principles when interpreting. See United States v. Yah, 500 F.3d 698, 703 (8th Cir. 2007).

In Paragraph 4 of the Amended Plea Agreement it states:

> The United States agrees that unless there is significant evidence disclosed in the presentence investigation to the contrary, the United States will recommend that the Court find that the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and in recognition thereof, in accordance with U.S.S.G. § 3E1.1(a), reduce the defendant's offense level by two levels. The United States further agrees that the defendant is entitled to an additional one level reduction pursuant to U.S.S.G. § 3E1.1(b).
>
> The United States and the defendant further agree that pursuant to U.S.S.G. §2A3.1(a)(2) the base offense level is 30. Due to the victim's condition, the parties also agree that the two level enhancement for vulnerable victim pursuant to U.S.S.G. § 3A1.1 applies leaving a total offense level of 32 prior to acceptance of responsibility. Finally, the government agrees in requesting that the Court consider imposing a sentence of imprisonment at the lower end of the appropriate guideline range as determined by the Court on the basis of the presentence investigation report and any evidence submitted at the sentencing hearing.

The plea agreement does not have a provision dealing with an enhancement for repeat and dangerous sex offender against minors. It merely presents an agreement as to the base offense level and the application of a two-level enhancement for a vulnerable victim. It then requires the government to request a sentence "at the lower end of the appropriate guideline range as determined by the Court . . . ." The government has kept its end of the bargain thus far. The government is not required to object to the application of

the enhancement under § 4B1.5. If the government does not request a sentence at the lower end of the guideline range as determined by the Court, then defendant may move to withdraw his plea or to compel specific performance of the plea agreement. Until that time, the Court finds that the government has not breached the plea agreement in this matter.

Counsel also moves to withdraw from representation if the Court should deny defendant's request to withdraw his plea. The Court has thoroughly reviewed the transcript of the plea hearing held on April 16, 2008, and has determined that an evidentiary hearing is not necessary to further examine defendant's motion. The Court finds no need to allow counsel to withdraw. Accordingly, it is hereby

ORDERED that defendant's motion to withdraw his plea (Docket #38) is denied.

IT IS FURTHER ORDERED that defense counsel's motion to withdraw (Docket #38) is denied.

Dated this 7th day of October, 2008.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE